UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ X

THE NEW YORK TIMES COMPANY and CHARLIE
SAVAGE,                                                  :

                              Plaintiffs,               :          **COMPLAINT**

                    v.                                  :

UNITED STATES DEPARTMENT OF JUSTICE,                    :

                              Defendant.                :
_____ X

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE (together, "The Times"), by and through their undersigned attorneys, allege as follows:

1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order requiring the United States Department of Justice ("DOJ") to expedite processing of a request properly made to DOJ by Plaintiffs.

**PARTIES**

2.    Plaintiff Charlie Savage is an award-winning reporter at *The New York Times* ("*The Times*") who primarily covers national security and legal policy.

3.    Plaintiff The New York Times Company publishes *The Times* newspaper and www.nytimes.com. It is headquartered in this judicial district at 620 Eighth Avenue, New York, NY 10018.

4.    Defendant DOJ is the agency within the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552(a)(6)(E)(iii).

6.    Venue is premised on Plaintiffs' place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.    FOIA and agency regulations require that DOJ make an expedited processing determination within 10 days after the date of the request. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 28 C.F.R. § 16.5(e)(4).

8.    Defendant DOJ has failed to meet the deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(E)(iii).

## FACTS

### The Smith Report

9.    On January 7, 2025, according to a court filing, then–Special Counsel Jack Smith delivered his "final report" to then–Attorney General Merrick Garland. *See* Alan Feuer and Charlie Savage, *Justice Dept. to Hold Off Releasing Report on Trump Documents Case*, N.Y. Times (Jan. 8. 2025), https://www.nytimes.com/2025/01/08/us/politics/trump-documents-report-jack-smith.html.

10.    The report has two volumes, each addressing the Special Counsel's decisionmaking in the respective criminal cases he filed against President Donald Trump: one related to President Trump's alleged efforts to overturn the results of the 2020 election and the other regarding his alleged mishandling of classified documents.

11.    The first of those volumes has since been publicly released. *See* Alan Feuer and Charlie Savage, *Special Counsel Report Says Trump Would Have Been Convicted in Election*

*Case*, N.Y. Times (Jan. 14, 2025), https://www.nytimes.com/2025/01/14/us/politics/trump-special-counsel-report-election-jan-6.html. The second volume, on the classified documents case, remains secret.

12.     The charges against President Trump in both cases were dismissed. But former Attorney General Garland said publicly that he would not release the second volume of the report, since charges against two of President Trump's co-defendants in the case were (and remain) pending. *See* Alan Feuer and David C. Adams, *Judge Mulls Release to Congress of Trump Classified Documents Report*, N.Y. Times (Jan. 17, 2025), https://www.nytimes.com/2025/01/17/us/politics/trump-report-release-judge-cannon.html.

13.     DOJ was enjoined from releasing the report's second volume, but sought to share it with members of Congress, an effort that President Trump's lawyers vigorously opposed. *Id.* The court has not yet ruled on DOJ's request that it be permitted to share the report.

14.     The contents of the second volume are not known but they may be significant: they may shed light on President Trump's motives for allegedly removing a trove of classified documents from the White House in 2021, and according to President Trump's lawyers, they also implicate some "anticipated" members of the President's incoming administration. *Id.*

15.     Former Attorney General Garland's decision to not publicly release the report came over the objections of some members of Congress, who argued that the public has a right to know the report's contents. *See* Zoe Richards, *House Democrats press Merrick Garland to consider an unusual step to release the rest of Jack Smith's report*, NBC News (Jan. 16, 2025), https://www.nbcnews.com/politics/congress/house-democrats-merrick-garland-jack-smith-report-trump-rcna187884. They unsuccessfully appealed to Garland to "take all necessary steps" to release the volume before the end of his tenure. *Id.*

**Plaintiffs' FOIA Request**

16.     On January 8, 2025, Mr. Savage, on behalf of The Times, submitted a FOIA request (FOIA-2025-01744) to DOJ (the "Request"). The Request seeks "a copy of the report by special counsel Jack Smith to Attorney General Merrick Garland, including the volume about the election case and the volume about the classified documents case."

17.     On January 10, 2025, Mr. Savage, again on behalf of The Times, resubmitted the Request (FOIA-2025-01761), this time including a request for expedited processing. Mr. Savage based the expedited processing request on two grounds: the "urgency to inform the public about an actual or alleged Federal Government activity" and the fact that the matter is one "of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 5 U.S.C. § 552(a)(6)(E)(v)-(vi); 28 C.F.R. § 16.5(e)(1)(ii), (iv). That same day, Mr. Savage separately emailed the DOJ Office of Public Affairs to request expedited processing on the second of these grounds, as DOJ regulations require, and detailing the basis for doing so. *See* 28 C.F.R. § 16.5(e)(2).

18.     Later on January 10, DOJ notified Mr. Savage that the Request as submitted on January 8 had been amended to seek expedited processing, and that the resubmitted Request was administratively closed as a duplicate.

19.     To date, DOJ has not made a determination as to The Times's request for expedited processing of the Request.

## COUNT I

**Failure to Grant Expedited Processing**

20.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

21.    Defendant's failure to make a determination as to Plaintiffs' request for expedited processing violates FOIA. 5 U.S.C. § 552(a)(6)(E)(iii); 28 C.F.R. § 16.5(e)(4).

22.    Plaintiffs are entitled to an order compelling Defendant to process the Request on an expedited basis and to provide the requested records, subject to any exemptions properly asserted under FOIA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

23.    Order Defendant to process Plaintiffs' Request on an expedited basis by providing the requested records, subject to any exemptions properly asserted under FOIA, to Plaintiffs within 10 business days of the Court's order;

24.    Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

25.    Grant Plaintiffs such other and further relief as this Court deems just and proper.


Dated:  New York, NY
        January 21, 2025


                                        /s/ David E. McCraw
                                        David E. McCraw
                                        Al-Amyn Sumar
                                        Tim Tai
                                        Legal Department
                                        The New York Times Company
                                        620 8th Avenue
                                        New York, NY 10018
                                        Phone: (212) 556-4031
                                        Fax: (212) 556-4634
                                        E-mail: mccraw@nytimes.com

                                        *Counsel for Plaintiffs*