

Al-Amyn Sumar
Senior Counsel
(202) 862-7705
al-amyn.sumar@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

February 11, 2025

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *The New York Times Company et al. v. United States Department of Justice*, 25-cv-562 — Joint Letter and Request for Stay of Proceedings

Dear Judge Woods:

I am legal counsel to Plaintiffs The New York Times Company and its reporter Charlie Savage (together, "The Times") in the above-captioned Freedom of Information Act ("FOIA") case against Defendant United States Department of Justice ("DOJ"). I write respectfully on behalf of the parties pursuant to the Court's order dated January 22, 2025. Dkt. No 8. I also write to request a brief stay of proceedings in this case, pending the resolution of an administrative appeal, which The Times plans to submit promptly, challenging the denial of its FOIA request. DOJ consents to the stay request.

Pursuant to the Court's January 22 order, the parties submit the following information:

1. **Brief Statement of the Case.** This FOIA action concerns one part of the final report (the "Smith Report") delivered by former Special Counsel Jack Smith to former Attorney General Merrick Garland in January 2025. Dkt. No. 1 ("Compl.") ¶ 9. The Smith Report has two volumes, each addressing the Special Counsel's decisionmaking in the respective criminal cases he filed against President Donald Trump. *Id.* ¶ 10. The first volume, entitled "Report on Efforts to Interfere with the Lawful Transfer of Power Following the 2020 Presidential Election or the Certification of the Electoral College Vote Held on January 6, 2021," has now been publicly released. *Id.* ¶¶ 10-11. The second volume, entitled "Report on Mishandling of Classified Documents," has not been publicly disclosed — and is the document The Times seeks here. *Id.*

The Times submitted a FOIA request (the "Request") for the Smith Report on January 8, 2025. *Id.* ¶ 16. Two days letter, The Times resubmitted the Request, this time asking for expedited processing. *Id.* ¶ 17. The Times filed the Complaint on January 21, 2025, alleging that DOJ failed to address The Times's expedited processing request within the required timeframe. *Id.* ¶¶ 17, 21.

DOJ has since acted on The Times's Request. On January 24, it granted The Times's request for expedited processing. And on February 5, DOJ issued a determination denying access to the second volume of the Smith Report, citing an injunction issued by the U.S. District Court for the Southern District of Florida and FOIA Exemption 7(A). The Times plans to submit an administrative appeal of that determination promptly.

2. **Basis of Subject Matter Jurisdiction and Venue.** The Times alleges in the Complaint that jurisdiction and venue are proper in this Court under 28 U.S.C. § 1331, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552(a)(6)(E)(iii), on the ground that The Times's principal place of business is in this district. Compl. ¶¶ 5-6.

3. **Motions.** If the Court stays the case pending The Times' exhaustion of administrative remedies, the parties do not anticipate filing motions imminently, though motion practice may be necessary later in the case. If the Court declines to stay the case, DOJ would seek to file a motion to dismiss the complaint for failure to exhaust administrative remedies.

4. **Discovery.** Because this is a FOIA case, discovery is "generally . . . unnecessary." *Carney v. U.S. Dep't of Just.*, 19] F.3d 807, 812 (2d Cir. 1994). The parties have not engaged in discovery and do not anticipate doing so at this time.

5. **Settlement.** The parties have not discussed settlement and do not believe a settlement conference is necessary at this time.

\*\*\*

As noted above, The Times also requests, with DOJ's consent, that the Court briefly stay proceedings in this matter pending DOJ's resolution of The Times's forthcoming administrative appeal. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 684 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

As the parties recognize, the posture of this case is unusual. The Times filed the Complaint to challenge DOJ's failure to grant expedited processing. Compl. ¶¶ 20-22. The Complaint did not separately challenge DOJ's failure to respond to the Request because at the time of filing, the agency's timeframe for responding to the request (twenty business days) had not yet run. Now that DOJ has granted expedited processing and issued a determination on the Request itself, the question is whether The Times can contest that determination in this proceeding even though it has not exhausted its administrative remedies as to the Request. The Times believes that it can; the DOJ disagrees.

The parties do not ask the Court to resolve that question, however. Instead, they respectfully propose that the Court briefly stay the proceedings pending the resolution of an administrative appeal, which The Times will submit promptly, challenging the denial of the Request. Once that appeal is resolved, the Court may lift the stay on the proceedings and, if necessary, set a schedule for summary judgment briefing.

Specifically, the parties propose the following:

- The Times shall submit its administrative appeal to DOJ by February 14, 2025;
- DOJ shall have 20 business days, or until March 17, 2025, to resolve that appeal, unless unusual circumstances apply, in which case DOJ will have 30 business days, or until March 31, 2025;
- The Times shall, if necessary, file an amended complaint within one week of DOJ's resolution of the appeal, and no later than April 7, 2025;
- DOJ shall file an answer to any amended complaint within two weeks, and no later than April 21, 2025; and
- The parties shall submit a joint status report to the Court by April 14, 2025, advising whether motion practice is necessary, and if so, proposing a briefing schedule.
- Although the parties are prepared to appear at the initial conference currently scheduled for February 18, 2025, they respectfully submit that the conference may not be necessary if the Court grants the joint request for a stay.

Respectfully submitted,

Al-Amyn Sumar