UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE,

            Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF JUSTICE,

            Defendant.

**AMENDED COMPLAINT**

No. 25-cv-00562

---

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE (together, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order requiring the United States Department of Justice ("DOJ") to ~~expedite processing of~~release a document in response to a request properly made to DOJ by Plaintiffs.

**PARTIES**

2. Plaintiff Charlie Savage is an award-winning reporter at *The New York Times* ("*The Times*") who primarily covers national security and legal policy.

3. Plaintiff The New York Times Company publishes *The Times* newspaper and www.nytimes.com. It is headquartered in this judicial district at 620 Eighth Avenue, New York, NY 10018.

4. Defendant DOJ is the agency within the federal government that has possession and control of the ~~records~~record that Plaintiffs seek.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331~~, and~~ 5 U.S.C. §§ 552(a)(4)(B~~), and 5 U.S.C. § 552(a)(6)(E)(iii)~~).

6. Venue is premised on ~~Plaintiffs'~~Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

~~7.   FOIA and agency regulations require that DOJ make an expedited processing determination within 10 days after the date~~Upon denial of ~~the~~a request. ~~See 5 U.S.C. § 552(a)(6)(E)(ii)(I); 28 C.F.R. § 16.5(e)(4).~~

~~8.~~7.   ~~Defendant DOJ has failed~~, FOIA permits the requester to ~~meet~~seek review in the ~~statutory deadlines set by FOIA~~district court. *See* 5 U.S.C. § 552(a)(~~6)(E)(iii~~4)(B).

8. Plaintiffs have exhausted all administrative remedies available under 5 U.S.C. § 552(a)(6)(A).

**FACTS**

**The Smith Report**

9. On January 7, 2025~~, according to a court filing~~, Special Counsel Jack Smith delivered his "final report" to then-Attorney General Merrick Garland. *See* Alan Feuer and Charlie Savage, *Justice Dept. to Hold Off Releasing Report on Trump Documents Case*, N.Y. Times (Jan. 8, 2025), https://www.nytimes.com/2025/01/08/us/politics/trump-documents-report-jack-smith.html.

10. The report has two volumes, each addressing the Special Counsel's decisionmaking in the respective criminal cases he filed against President Donald Trump: one related to President Trump's alleged efforts to overturn the results of the 2020 election and the other regarding his alleged mishandling of classified documents.

2

11. The first of those volumes has since been publicly released. *See* Alan Feuer and Charlie Savage, *Special Counsel Report Says Trump Would Have Been Convicted in Election Case*, N.Y. Times (Jan. 14, 2025), https://nyti.ms/4g3pzu. The second volume~~,~~ (the "Second Volume"), on the classified documents case, remains secret.

12. The charges against President Trump ~~in both cases were~~ and his co-defendants in the documents case had been dismissed~~. But former~~ by a district court in the Southern District of Florida on July 15, 2024. *See United States v. Trump*, No. 9:23-cr-80101 (S.D. Fla.), Dkt. 672 (the "Criminal Action").

13. The prosecution appealed that dismissal to the Eleventh Circuit on July 17, 2024. *Id*., Dkt. 673.

14. Following the re-election of President Trump, the prosecution withdrew its appeal as to him, but the appeal remained pending for his co-defendants.

~~12.~~15. In January 2025, ~~then-~~Attorney General Garland said publicly that he would not release the ~~second volume of the report, since~~Second Volume because the charges against two of President Trump's co-defendants in the ~~case were (and remain) pending~~Criminal Action were pending on appeal. However, he sought to make the Second Volume available to members of Congress. *See* Alan Feuer and David C. Adams, *Judge Mulls Release to Congress of Trump Classified Documents Report*, N.Y. Times (Jan. ~~17, 2025), https://www.nytimes.com/2025/01/08/us/politics/trump-documents-report-jack-smith.html~~17, 2025), https://www.nytimes.com/2025/01/17/us/politics/trump-report-release-judge-cannon.html.

~~13.   DOJ was enjoined from releasing the report's second volume, but sought to share it with members of Congress, an effort that President Trump's lawyers vigorously opposed. *Id*. The court has not yet ruled on DOJ's request that it be permitted to share the report.~~

3

~~14.~~<ins>16.</ins>  The contents of the ~~second volume~~<ins>Second Volume</ins> are not known but they may be significant: they may shed light on President Trump's motives for allegedly removing a trove of classified documents from the White House in 2021, and<ins>,</ins> according to <ins>a January 6, 2025, letter from</ins> President Trump's lawyers, they also implicate some "anticipated" members of the President's ~~incoming~~ administration. *Id.*

~~15.    Former Attorney General Garland's decision not to publicly release the report came over the objections of some members of Congress, who argued that the public has a right to know the report's contents. *See* Zoe Richards, *House Democrats press Merrick Garland to consider an unusual step to release the rest of Jack Smith's report*, NBC News (Jan. 16, 2025), https://www.nbcnews.com/politics/congress/house-democrats-merrick-garland-jack-smith-report-trump-rcna187884. They unsuccessfully appealed to Garland to "take all necessary steps" to release the volume before the end of his tenure. *Id.*~~

<ins>17.    In response to the Attorney General's plan to provide the report to Congress, the co-defendants obtained on January 7, 2025, an order from the District Court in the Criminal Action temporarily enjoining release of the Second Volume.</ins>

<ins>18.    The prosecution appealed that temporary order to the Eleventh Circuit on January 9, 2025. *See* Criminal Action, Dkt. 686.</ins>

<ins>19.    While that appeal was pending, the District Court nonetheless extended the duration of its order. *Id.*, Dkt. 697.</ins>

<ins>20.    On January 21, 2025, the court in the Criminal Action issued an order (the "Injunction") indefinitely continuing to enjoin the release of the Second Volume. *Id.*, Dkt. No. 714.</ins>

21. On February 11, 2025, pursuant to a mandate from the Eleventh Circuit, the appeal was withdrawn and the charges against President Trump's co-defendants were dismissed. *Id.*, Dkt. No. 716.

22. The Injunction remains in place in the Criminal Action.

**Plaintiffs' FOIA Request**

~~16.~~23. On January 8, 2025, Mr. Savage, on behalf of The Times, submitted a FOIA request (FOIA-2025-01744) to DOJ (the "Request"). The Request ~~seeks~~sought "a copy of the report by special counsel Jack Smith to Attorney General Merrick Garland, including the volume about the election case and the volume about the classified documents case."

~~17.~~24. On January 10, 2025, Mr. Savage, again on behalf of The Times, resubmitted the Request (FOIA-2025-01761), this time including a request for expedited processing. Mr. Savage based the expedited processing request on two grounds: the "urgency to inform the public about an actual or alleged Federal Government activity" and the fact that the matter is one "of widespread and exceptional media interest in which there exist possible questions about the ~~government's~~government's integrity that affect public confidence." 5 U.S.C. § 552(a)(6)(E)(v)-(vi); 28 C.F.R. § 16.5(e)(1)(ii), (iv). That same day, Mr. Savage separately emailed the DOJ Office of Public Affairs to request expedited processing on the second of these grounds, as DOJ regulations require, and detailing the basis for doing so. *See* 28 C.F.R. § 16.5(e)(2).

~~18.~~25. Later on January 10, DOJ notified Mr. Savage that the Request as submitted on January 8 had been amended to seek expedited processing, and that the resubmitted Request was administratively closed as a duplicate.

26. ~~To date, DOJ has not made a~~ When there was no determination ~~as to The Times's on Plaintiffs'~~ request for expedited processing, Plaintiffs filed the Complaint on January 21, 2025.

~~19.~~27. On January 24, DOJ granted Plaintiffs expedited processing of the Request.

28. DOJ subsequently denied the Request on February 5, 2025.

29. At the request of the parties, this action was stayed by the Court until April 30, 2025 to permit DOJ time to determine The Times's administrative appeal.

30. Plaintiffs administratively appealed the denial of the Request on February 14, 2025.

31. DOJ subsequently denied that appeal on March 11, 2025.

32. The appeal determination stated that the Injunction prevented release of the Second Volume. DOJ also said in its determination that, as a result of the Injunction, it had not reached the issue of whether the report could be withheld pursuant to FOIA's law enforcement exemption, 5 U.S.C. § 552(b)(7)(A).

33. However, the District Court in the Southern District of Florida had no authority to issue the Injunction in the Criminal Action.

34. When the District Court dismissed the criminal complaint on July 15, 2024, and the prosecution appealed the dismissal to the Eleventh Circuit, the District Court lost jurisdiction over the Criminal Action.

35. At that point, jurisdiction as a matter of law rested solely with the Eleventh Circuit.

36. By operation of law, only the Eleventh Circuit could issue an injunction governing the release of the Second Volume.

37.    No such injunction was issued by the Eleventh Circuit, and the Injunction issued by the District Court is a nullity.

38.    The District Court also lacked jurisdiction to issue the Injunction because there was no live case or controversy before it, as required by Article III of the Constitution.

39.    There is now no pending law enforcement action against anyone relating to the alleged mishandling of classified documents by President Trump.

40.    As a result, the Second Volume cannot be withheld under the law enforcement exemption, 5 U.S.C. § 552(b)(7)(A), of FOIA.

## COUNT I

### ~~Failure to Grant Expedited Processing~~

~~20.~~41.  Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

~~21.    Defendant's failure to make a determination as to Plaintiffs' request for expedited processing violates FOIA. 5 U.S.C. § 552(a)(6)(E)(iii); 28 C.F.R. § 16.5(e)(4).~~

42.    Defendant has improperly denied the Request for the Second Volume.

43.    Because the injunction in the Criminal Action was made by a court that lacked jurisdiction to issue such an injunction, it was not a proper basis for DOJ to deny release of the Second Volume.

44.    No exemption contained within FOIA permits the withholding of the Second Volume.

~~22.~~45.  Plaintiffs are entitled to an order compelling Defendant to ~~process the Request on an expedited basis and to provide the requested records, subject to any exemptions properly asserted under FOIA~~release the Second Volume.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

46. Declare that the Second Volume is public under 5 U.S.C. § 552 and must be disclosed;

~~23.~~47. Order Defendant to ~~process Plaintiffs' Request on an expedited basis by providing the requested records, subject to any exemptions properly asserted under FOIA, to Plaintiffs~~release the Second Volume within 10 ~~business~~ days of ~~the Court's~~such an order;

~~24.~~48. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

~~25.~~49. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
~~January 21~~April 30, 2025

/s/ David E. McCraw
David E. McCraw
Al-Amyn Sumar
~~Tim~~Timothy Tai
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*