

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 13, 2025

BY ECF
Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

    Re:   *New York Times Co. v. U.S. Department of Justice*,
            25 Civ. 562 (GHW)

Dear Judge Woods:

    We write respectfully on behalf of defendant the United States Department of Justice ("DOJ") in this action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to seek a premotion conference regarding DOJ's anticipated motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff's counsel does not object to DOJ's filing of a summary judgment motion at this juncture, and if the Court is amenable, the parties are prepared to submit a proposed briefing schedule.

**Background**

    In its amended complaint filed on April 30, 2025, plaintiff The New York Times Company (the "Times") seeks to compel production of the second volume of the final report of former Special Counsel Jack Smith ("Volume II"). ECF No. 18 ("Am. Compl.") ¶¶ 1, 23.[1] Volume II concerns criminal charges that Smith brought against President Trump and two co-defendants in the Southern District of Florida alleging mishandling of classified documents. *Id.* ¶¶ 10-12; *see United States v. Trump*, No. 9:23-cr-80101 (S.D. Fla.). The district court (Hon. Aileen Cannon) dismissed the criminal case in July 2024. Am. Compl. ¶ 12. The government appealed the dismissal to the Eleventh Circuit, and following the re-election of President Trump, the government withdrew the appeal as to President-elect Trump, but not as to the two co-defendants. *Id.* ¶¶ 13-14.

    In January 2025, then-Attorney General Garland announced that he would not release Volume II of the Smith report publicly because the charges against the two co-defendants were still pending, but he sought to make that volume available to certain members of Congress. *Id.* ¶ 15. The co-defendants then sought and obtained an order (the "Injunction") from Judge Cannon enjoining DOJ from releasing Volume II. *Id.* ¶ 17; *see United States v. Trump*, ECF No. 714 at 13

---

[1] The first volume of the Smith report has since been publicly released, Am. Compl. ¶ 11, and thus only the second volume is at issue in this case.

(Injunction stating, among other things, that "Attorney General Garland or his successor(s), the Department of Justice, its officers, agents, officials, and employees . . . are enjoined from . . . releasing, sharing, or transmitting Volume II . . . outside the Department of Justice").

On February 11, 2025, pursuant to a mandate from the Eleventh Circuit, the government's appeal was withdrawn and the charges against the co-defendants were dismissed. Am. Compl. ¶ 21. Thereafter, two organizations—American Oversight and the Knight First Amendment Institute at Columbia University—sought to intervene in the criminal action to seek dissolution of the Injunction. *See United States v. Trump*, ECF Nos. 717, 721. Those proceedings are ongoing, but in the interim, the Injunction remains in place. Am. Compl. ¶ 22; *see United States v. Trump*, ECF No. 718 (denying motion for expedited treatment of intervention motion and noting that Injunction "remains in effect per the clear terms of that Order").

The Times filed a FOIA request for the Smith report on January 8, 2025. Am. Compl. ¶ 23. The request was denied as to Volume II on February 5. *Id.* ¶ 28. The Times filed an administrative appeal, *id.* ¶ 30, which was denied on March 11, *id.* ¶ 31. The basis for DOJ's denial of the FOIA request is that the Injunction prohibits release of Volume II. *Id.* ¶ 32.

**Grounds for DOJ's Proposed Motion**

DOJ intends to argue in its anticipated motion that the Times fails to state a plausible claim for relief under FOIA (or, alternatively, summary judgment should be granted) because Judge Cannon's Injunction clearly prohibits DOJ from releasing the Report.

FOIA authorizes courts to compel disclosure of agency records that are "improperly withheld." 5 U.S.C. § 552(a)(4)(B). The Supreme Court has held that where an agency withholds a record in response to a FOIA request because the agency is subject to an "injunction barring disclosure," "[t]here simply has been no discretion for the agency to exercise," and the record "is not being 'improperly' withheld." *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 386 (1980) (Consumer Products Safety Commission did not "improperly" withhold accident reports under FOIA that it was enjoined from producing); *see also American Oversight v. DOJ*, No. 25-383(TJK), 2025 WL 1167955, at *5 (D.D.C. April 22, 2025) (under *GTE Sylvania*, "when an agency complies with a court order barring disclosure, it has not *improperly* withheld anything" (emphasis in original)). The Times concedes that Judge Cannon's injunction remains in place and explicitly bars DOJ from releasing Volume II of the Smith report. Am. Compl. ¶¶ 17, 19-20, 22. Accordingly, the Times' FOIA claim fails as a matter of law because DOJ "has not 'improperly' withheld" Volume II. *GTE Sylvania*, 445 U.S. at 387.

For this reason, the U.S. District Court for the District of Columbia recently granted summary judgment dismissing another FOIA suit seeking Volume II. *See American Oversight*, 2025 WL 1167955, at **1, 9. That court held that "DOJ lacks discretion to release Volume II while subject to a court order prohibiting it from doing so." *Id.* at *1. The court explained that the FOIA requester in that case (American Oversight)

> can argue—and is arguing now—to Judge Aileen Cannon that she should (or must) lift her injunction. If the injunction is lifted—for whatever reason—American

Oversight can make a new FOIA request for the records. And if it is unhappy with DOJ's response, it may sue again. But FOIA does not require DOJ or any other agency to violate a court order, so American Oversight's use of it to collaterally attack another court's injunction is misguided and unavailing.

*Id.* The Times' FOIA lawsuit is equally misguided and unavailing.

The Times argues in its amended complaint that Judge Cannon had no authority to issue the Injunction because, at the time it was issued, the government had appealed the dismissal of the criminal action to the Eleventh Circuit, Am. Compl. ¶¶ 33-34, and "jurisdiction as a matter of law rested solely with the Eleventh Circuit," *id.* ¶ 35; *see also id.* ¶¶ 36-37. The Times further argues that Judge Cannon lacked jurisdiction to issue the Injunction because there was no live "case or controversy" as required by Article III of the Constitution. *Id.* ¶ 38. In advancing these arguments, the Times, like American Oversight before it, "might be invoking language in *GTE Sylvania* noting that there was 'no doubt' that the federal district court 'had jurisdiction' to issue the injunction at issue, and that the injunction there did not have 'only a frivolous pretense to validity.'" *American Oversight*, 2025 WL 1167955, at *8. But as the *American Oversight* court ruled, this "language in *GTE Sylvania* does not authorize this Court to undertake the kind of roving jurisdictional inquiry . . . that [the Times] would like." *Id.*

Nor should this Court have any "reason to doubt Judge Cannon's authority to decide whether and to what extent the injunction should remain in place." *Id.* There are currently proceedings pending before Judge Cannon seeking to lift the Injunction. That is the proper forum to challenge the Injunction, not a FOIA action brought in a different court. *See id.* at 2 ("no matter how wrong American Oversight thought [the Injunction] was, a FOIA proceeding in this Court [is] not a way to challenge it"); *id.* at *9 ("FOIA litigation is not a way to challenge" Judge Cannon's decision barring DOJ from releasing Volume II).

We thank the Court for its consideration of this letter.

                              Respectfully,

                              JAY CLAYTON
                              United States Attorney

By:    /s/  *Sarah S. Normand*
        SARAH S. NORMAND
        DANA WALSH KUMAR
        Assistant United States Attorneys
        Telephone: (212) 637-2709/2741
        Email:  sarah.normand@usdoj.gov
                    dana.walsh.kumar@usdoj.gov
        *Counsel for Defendant DOJ*