UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK TIMES COMPANY, *et al.*,

                Plaintiffs,

    - against –

UNITED STATES DEPARTMENT OF
JUSTICE,

              Defendant.

No. 25 Civ. 562 (GHW)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT OR,
ALTERNATIVELY, FOR SUMMARY JUDGMENT**

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Tel:    (212) 637-2709/2741
*Attorney for Defendant*

SARAH S. NORMAND
DANA WALSH KUMAR
*Assistant United States Attorneys*
    – Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND.................................................................................................................... 2

    I.     Plaintiffs' Factual Allegations ........................................................................ 2

    II.    Declaration of Vanessa R. Brinkmann ............................................................ 4

ARGUMENT....................................................................................................................... 4

    I.     The Amended Complaint Should Be Dismissed Because Plaintiffs
          Fail to State a Plausible Claim for Relief under FOIA......................................... 4

    II.    Alternatively, the Court Should Grant Summary Judgment to DOJ................... 10

CONCLUSION.................................................................................................................... 11

# TABLE OF AUTHORITIES

*Cases*

*American Oversight v. DOJ,*
    No. 25-383 (TJK), 2025 WL 1167955 (D.D.C. April 22, 2025)................................6, 7, 8, 9

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................................................5, 7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................................................5

*Carney v. DOJ,*
    19 F.3d 807 (2d Cir. 1994)................................................................................................10

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002)..............................................................................................10

*Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y,*
    827 F.3d 145 (D.C. Cir. 2016)............................................................................................5

*GeBBS Healthcare Solutions, Inc. v. Orion Healthcorp, Inc.,*
    No. 16 Civ. 2206 (GHW), 2017 WL 1251143 (S.D.N.Y. April 4, 2017)...........................10

*Global Network Comms., Inc. v. City of N.Y.,*
    458 F.3d 150 (2d Cir. 2006)................................................................................................3

*GTE Sylvania, Inc., v. Consumers Union,*
    445 U.S. 375 (1980)....................................................................................................*passim*

*Kissinger v. Reps. Comm. for Freedom of Press,*
    445 U.S. 136 (1980)............................................................................................................5

*Michael Grecco Prods., Inc. v. RADesign, Inc.,*
    112 F.4th 144 (2d Cir. 2024)..............................................................................................9

*New York Times Co. v. U.S. Dep't of Justice,*
    872 F. Supp. 2d 309 (S.D.N.Y. 2012)..............................................................................10

*Tax Analysts v. Dep't of Justice,*
    845 F.2d 1060 (D.C. Cir. 1988).......................................................................................6, 7

*United States v. Nauta,*
    764 F. Supp. 3d 1216 (S.D. Fl. 2025)......................................................................3, 4, 8, 11

***Statute***

5 U.S.C. § 552(a)(4)(B) ................................................................................................. 5

***Rules***

Fed. R. Civ. P. 12(d) ............................................................................................... 4, 10

Fed. R. Civ. P. 12(b)(6) ..................................................................................... *passim*

Fed. R. Civ. P. 56(a) ................................................................................................ 10

Defendant the United States Department of Justice ("DOJ") respectfully submits this memorandum of law in support of its motion to dismiss the amended complaint (ECF No. 18) of plaintiffs The New York Times Company and reporter Charlie Savage (collectively, the "Times") pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Rule 56.

## Preliminary Statement

In this Freedom of Information Act ("FOIA") case, the Times seeks to compel disclosure of the second volume of the final report of former Special Counsel Jack Smith, concerning criminal charges that Smith brought against President Trump and two co-defendants in the Southern District of Florida alleging mishandling of classified documents ("Volume II"). DOJ withheld in full Volume II, in compliance with a court injunction issued by the Hon. Aileen Cannon, United States District Judge for the Southern District of Florida, West Palm Beach Division (the "injunction"), in the criminal case.

The Times fails to state a plausible claim for relief under FOIA. It is clear from the face of the amended complaint that DOJ did not "improperly" withhold Volume II, as required to state a FOIA claim. DOJ had no choice but to withhold the document, as Judge Cannon's injunction bars DOJ from releasing it. The Times concedes that the injunction remains in place and precludes the exact relief sought in this case: disclosure of Volume II by DOJ. *See GTE Sylvania, Inc., v. Consumers Union*, 445 U.S. 375, 386 (1980) (finding "no discretion for the agency to exercise" where records sought under the FOIA are subject to injunction issued by federal district court). The Court should therefore dismiss the complaint pursuant to Rule 12(b)(6), based solely on the factual allegations in the amended complaint. Alternatively, the Court should grant summary judgment in DOJ's favor.

# BACKGROUND

## I.  Plaintiffs' Factual Allegations

In its amended complaint filed on April 30, 2025 (ECF No. 18), the Times seeks to compel production of the second volume of the final report of former Special Counsel Jack Smith.  ECF No. 18 ("Am. Compl.") ¶¶ 1, 23.[1]  Volume II concerns criminal charges that Special Counsel Smith brought against President Trump and two co-defendants in the Southern District of Florida alleging mishandling of classified documents.  *Id*. ¶¶ 10-12; *see United States v. Trump*, No. 9:23-cr-80101 (S.D. Fla.).  The district court (Hon. Aileen Cannon) dismissed the criminal case in July 2024.  Am. Compl. ¶ 12.  The government appealed the dismissal to the Eleventh Circuit, and following the election of President Trump, the government withdrew the appeal as to President-elect Trump, but not as to the two co-defendants.  *Id*. ¶¶ 13-14.

In January 2025, then-Attorney General Garland announced that he would not release Volume II publicly because the charges against the two co-defendants were still pending, but he sought to make that volume available to certain members of Congress.  *Id*. ¶ 15.  The co-defendants then sought and obtained an injunction from Judge Cannon prohibiting DOJ from releasing Volume II.  *Id*. ¶ 17.  By its express terms, the injunction enjoins

> Attorney General Garland or his successor(s), the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals . . . from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof.

---

[1] The first volume of the Smith report has since been publicly released, Am. Compl. ¶ 11, and thus only Volume II is at issue in this case.

*United States v. Nauta*, 764 F. Supp. 3d 1216, 1225 (S.D. Fl. 2025).[2]  The injunction provides that "[t]his Order remains in effect pending further Court order." *Id.*  Judge Cannon ordered the parties to submit a joint status report, no later than 30 days after the conclusion of appellate proceedings in the criminal case, "advising of their position on [the injunction], consistent with any remaining Rule 6(e) challenges or other claims or rights concerning Volume II, as permitted by law." *Id.*

On February 11, 2025, pursuant to a mandate from the Eleventh Circuit, the government's appeal was withdrawn and the charges against the co-defendants were dismissed.  Am. Compl. ¶ 21.  Thereafter, two organizations—American Oversight and the Knight First Amendment Institute at Columbia University—sought to intervene in the criminal action on an expedited basis to seek dissolution or rescission of the injunction.  *See United States v. Nauta*, No. 9:23-cr-80101, ECF Nos. 717, 721.  Those proceedings are ongoing, but the Times concedes that at the present time, the injunction remains in place.  Am. Compl. ¶ 22; *see Nauta*, No. 9:23-cr-80101, ECF No. 718 (denying motion for expedited treatment of American Oversight's intervention motion and noting that injunction "remains in effect per the clear terms of that Order").

The Times filed a FOIA request with DOJ seeking the Smith report on January 8, 2025.  Am. Compl. ¶ 23.  DOJ denied the request as to Volume II on February 5.  *Id.* ¶ 28.  The Times filed an administrative appeal, *id.* ¶ 30, which was denied on March 11, *id.* ¶ 31.  The basis for DOJ's denial of the FOIA request is that the injunction prohibits release of Volume II.  *Id.* ¶ 32.

---

[2] In ruling on DOJ's motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the injunction itself, and related filings in the criminal action, both because they are incorporated by reference in the amended complaint, *see* Am. Compl. ¶¶ 12-22, and because the Court may take judicial notice of documents filed in another court "to establish the fact of such litigation and related filings," *Global Network Comms., Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006).

## II.     Declaration of Vanessa R. Brinkmann

The factual allegations in the amended complaint, which are set forth above and accepted as true for purposes of DOJ's motion to dismiss, show that Plaintiffs fail to state a claim for relief under FOIA.  *See infra* Argument, Point I.  However, DOJ also submits the declaration of Vanessa R. Brinkmann, Senior Counsel in DOJ's Office of Information Policy ("OIP"), dated June 6, 2025 ("Brinkmann Decl."), should the Court wish to consider it and convert the motion to one for summary judgment, *see* Fed. R. Civ. P. 12(d).  *See infra* Argument, Point II.

Ms. Brinkmann's declaration presents the administrative record for the Times' FOIA request and explains the basis for OIP's determination that Volume II should be withheld in full in compliance with a court-ordered injunction issued by a federal district court prohibiting DOJ from releasing Volume II.  Brinkmann Decl. ¶ 4; *see id.* ¶¶ 7-18.  Ms. Brinkmann explains:

> On January 21, 2025, the Honorable Aileen M. Cannon, United States District Judge, United States District Court for the Southern District of Florida, West Palm Beach Division, issued an injunction enjoining "Attorney General Garland or his successor(s), the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals . . . from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof."  *See United States v. Nauta*, 764 F. Supp. 3d 1216, 1225 (S.D. Fl. 2025).  Judge Cannon's Order enjoining the Department from releasing Volume II of the Report remains in force.  Thus, OIP lacks the authority to consider the releasability of the requested record.

*Id.* ¶ 18.

## ARGUMENT

## I.     The Amended Complaint Should be Dismissed Because Plaintiffs Fail to State a Plausible Claim for Relief under FOIA

Rule 12(b)(6) permits a defendant to test the sufficiency of a plaintiff's allegations by requesting dismissal on the grounds that the complaint "fail[s] to state a claim upon which relief

can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept non-conclusory factual allegations in a complaint as true, but need not for "legal conclusions." *Id*. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Under FOIA, courts may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, a cognizable FOIA claim requires "a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reps. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980); *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*, 827 F.3d 145, 147 (D.C. Cir. 2016). The Times' amended complaint fails to show a plausible entitlement to FOIA relief because, accepting all factual allegations as true, DOJ has not "improperly" withheld Volume II.

In *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, the Supreme Court addressed the very situation presented here, where an agency withheld records in response to a FOIA request because the agency had been enjoined by court order from disclosing those records. The agency had not released the requested records "solely because of the orders issued by the Federal District Court" that had issued the injunction, and "[a]t all times since the filing of the complaint in the [FOIA] action the agency ha[d] been subject to a temporary restraining order or a preliminary or permanent injunction barring disclosure." 445 U.S. at 386. In those circumstances, the Supreme Court concluded, "[t]here simply has been no discretion for the agency to exercise. The concerns underlying the Freedom of Information Act are inapplicable, for the

agency has made no effort to avoid disclosure; indeed, it is not the [agency's] decision to withhold the documents at all." *Id.* Accordingly, the Court held, the agency "has not 'improperly' withheld [records] from the requesters under the Freedom of Information Act." *Id.* at 387; *see Tax Analysts v. Dep't of Justice*, 845 F.2d 1060, 1064 n.7 (D.C. Cir. 1988) ("the Supreme Court [in *GTE Sylvania*] unanimously held that agency records are not 'improperly withheld' when a lawful injunction by a federal court prohibits agency compliance with a FOIA request"); *American Oversight v. DOJ*, No. 25-383 (TJK), 2025 WL 1167955, at *5 (D.D.C. April 22, 2025) (under *GTE Sylvania*, "when an agency complies with a court order barring disclosure, it has not *improperly* withheld anything" (emphasis in original)).

Applying these well-settled principles here, DOJ has not "improperly" withheld records under FOIA. The Times concedes that Judge Cannon's injunction remains in place and explicitly bars DOJ from releasing Volume II. Am. Compl. ¶¶ 17, 19-20, 22. Under *GTE Sylvania*, "it is not [DOJ's] decision to withhold [Volume II] at all." 445 U.S. at 386. For this reason, the U.S. District Court for the District of Columbia recently granted summary judgment dismissing another FOIA suit seeking Volume II. *See American Oversight*, 2025 WL 1167955, at **1, 9. That court noted that "DOJ lacks discretion to release Volume II while subject to a court order prohibiting it from doing so." *Id.* at *1. The court explained that the FOIA requester in that case (American Oversight)

> can argue—and is arguing now—to Judge Aileen Cannon that she should (or must) lift her injunction. If the injunction is lifted—for whatever reason—American Oversight can make a new FOIA request for the records. And if it is unhappy with DOJ's response, it may sue again. But FOIA does not require DOJ or any other agency to violate a court order, so American Oversight's use of it to collaterally attack another court's injunction is misguided and unavailing.

*Id.*; *see also Tax Analysts*, 845 F.2d at 1064 n.7 (under *GTE Sylvania*, "the agency cannot be compelled through the FOIA to circumvent the normal procedural requirements for challenging a valid injunction"). The Times' FOIA lawsuit is equally misguided and unavailing.

The Times attempts to avoid the holding in *GTE Sylvania* by arguing that Judge Cannon had no jurisdiction to issue the injunction because, at the time it was issued, the government had appealed the dismissal of the criminal action to the Eleventh Circuit. *See* Am. Compl. ¶ 35 (arguing that "jurisdiction as a matter of law rested solely with the Eleventh Circuit"); *id.* ¶ 38 (arguing that Judge Cannon "lacked jurisdiction to issue the [i]njunction because there was no live case or controversy . . . , as required by Article III of the Constitution"). Of course, these are legal arguments, not factual allegations, and accordingly they are not entitled to any presumption of truth. *See Iqbal*, 556 U.S. at 679. Nor do they provide a basis for DOJ to disregard Judge Cannon's injunction and release Volume II under FOIA.

In advancing these arguments, the Times relies on language in *GTE Sylvania* in which the Court noted that there was "no doubt" that the federal district court "had jurisdiction" to issue the injunction at issue, nor was that injunction challenged as having "only a frivolous pretense to validity." *GTE Sylvania*, 445 U.S. at 386. In the Times' view, as articulated during the premotion conference held on May 16, 2025, this language creates a "narrow exception" to the general rule of *GTE Sylvania* that an agency does not "improperly" withhold records under FOIA that it is enjoined by court injunction from disclosing. But as the *American Oversight* court recently concluded in rejecting a virtually identical argument, this "language in *GTE Sylvania* does not authorize this Court to undertake the kind of roving jurisdictional inquiry . . . that [the Times] would like." *American Oversight*, 2025 WL 1167955, at *8. Indeed, during the premotion conference, the Times could not cite any FOIA case in which a court had ordered an agency to

disregard another court's injunction on the theory that the enjoining court lacked jurisdiction to enter it. *See also id.* (noting that American Oversight "cites no case in which a FOIA court probed the jurisdiction of another court as it suggests here").

Like the district court in *American Oversight*, moreover, this Court should have "no reason to doubt Judge Cannon's authority to decide whether and to what extent the injunction should remain in place." *Id.* There are currently proceedings pending before Judge Cannon regarding this very question. By its terms, Judge Cannon's injunction was to "remain[] in effect pending further Court order," and the parties were directed to submit a joint status report, no later than 30 days after the conclusion of appellate proceedings in the criminal case, "advising of their position" regarding the injunction, "consistent with any remaining [Federal Rule of Criminal Procedure] 6(e) challenges or other claims or rights concerning Volume II, as permitted by law." *Nauta*, 764 F. Supp. 3d at 1225. When she entered the injunction, Judge Cannon thus explicitly contemplated and directed further proceedings regarding whether and to what extent it should remain in place following the conclusion of the Eleventh Circuit appeal. And as noted, two organizations (American Oversight and the Knight First Amendment Institute) have sought to intervene in the criminal action to seek dissolution or rescission of the injunction.[3] Thus, "Judge Cannon has before her the question of how the current posture of the criminal case and the facts affect the injunction she entered." *American Oversight*, 2025 WL 1167955, at *8. There is "no reason—

---

[3] At the premotion conference, the Times suggested that DOJ had taken inconsistent positions by asserting in the criminal action that a FOIA action was the proper forum to seek disclosure of Volume II. That is not accurate. Rather, in addressing the standing of American Oversight and the Knight Institute to intervene in the criminal case, DOJ argued that American Oversight's separate FOIA lawsuit did not bring it within "a narrow class of exceptions allowing intervention in a criminal case." *Nauta*, No. 9:23-cr-80101, ECF No. 740 at 5; *see id.* at 6 ("American Oversight and Knight Institute fail to cite a case in which a district court has allowed a third party to intervene in a criminal case to contest an order that might have some secondary or collateral implications for that party's FOIA claims in another lawsuit.").

described in *GTE Sylvania* or otherwise—to short-circuit the process unfolding before Judge Cannon." *Id.*

Finally, the Court should reject the Times' reading of *GTE Sylvania* because "it would risk imposing the problem" that the Supreme Court sought to avoid in that case: "'requiring an agency to commit contempt of court in order to' comply with FOIA." *Id.* at *9 (quoting *GTE Sylvania*, 445 U.S. at 387) (cleaned up). As the court observed in *American Oversight*,

> A decision by this Court about Judge Cannon's jurisdiction would not bind her as a matter of precedent. Nor would the doctrine of issue preclusion prevent relitigation of that jurisdictional point. . . . And this Court sees no reason why its decision in a FOIA case about Judge Cannon's jurisdiction would stop [the co-defendants in the criminal case]—neither of whom is a party here—from arguing the opposite. Judge Cannon, then, could disagree on this jurisdictional issue and find that her injunction still prohibits DOJ from disclosing Volume II.

*Id.* Even if this Court were to agree with the Times that Judge Cannon lacked jurisdiction to enter the injunction, an order compelling DOJ to release Volume II under FOIA would put the agency in the impossible position of having to decide which of two conflicting court orders to follow. That is exactly the scenario that the Supreme Court sought to prevent in *GTE Sylvania*.

In sum, based solely on the factual allegations in the amended complaint and the terms of the injunction, the Times cannot state a plausible claim for relief under FOIA. *See Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (dismissal under Rule 12(b)(6) is appropriate if "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law"). Whatever the merits of Judge Cannon's injunction, "FOIA litigation is not a way to challenge that decision. The statute provides remedies for when agencies improperly hold records, not when they comply with allegedly mistaken court orders." *American Oversight*, 2025 WL 1167955, at *9. The Court should therefore dismiss the amended complaint under Rule 12(b)(6).

## II.     Alternatively, the Court Should Grant Summary Judgment to DOJ

For the reasons stated above, there is no need to consider any matters outside the pleadings. If the Court wishes, however, it may consider the Declaration of Vanessa R. Brinkmann, convert the motion to one for summary judgment, and grant summary judgment to DOJ.

This Court "has discretion, when presented with matters outside the pleadings, to exclude them or to convert the motion to one for summary judgment." *GeBBS Healthcare Solutions, Inc. v. Orion Healthcorp, Inc.*, No. 16 Civ. 2206 (GHW), 2017 WL 1251143, at *5 (S.D.N.Y. April 4, 2017) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002)); *see* Fed. R. Civ. P. 12(d) (if, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). If the motion is converted to one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary judgment is warranted if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a FOIA case, an agency can meet this burden by submitting a "reasonably detailed" declaration. *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994).[4]

Should the Court consider the Ms. Brinkmann's declaration, then pursuant to Rule 12(d), the Court should treat this motion as one for summary judgment and find that there is no genuine issue of material fact. As Ms. Brinkmann states, on January 21, 2025, Judge Cannon "issued an

---

[4] DOJ has not submitted a Local Rule 56.1 statement because "[t]he general rule in this Circuit is that in FOIA actions . . . Local Civil Rule 56.1 statements are not required." *New York Times Co. v. U.S. Dep't of Justice*, 872 F. Supp. 2d 309, 314 (S.D.N.Y. 2012) (internal quotations marks and alterations omitted); *see also* Local Civil R. 56.1(a) (as amended) ("This rule does not apply to claims brought under the Administrative Procedure Act or the Freedom of Information Act.").

injunction enjoining 'Attorney General Garland or his successor(s), the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals . . . from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof.'"  Brinkmann Decl. ¶ 18 (quoting *Nauta*, 764 F. Supp. 3d at 1225).  Judge Cannon's order enjoining DOJ from releasing Volume II of the Report remains in force.  *Id.*  Thus, OIP lacks the authority to release the requested Volume II.  *Id.*  DOJ is entitled to judgment as a matter of law because it has "no discretion" to release Volume II in light of Judge Cannon's injunction barring it from doing so.  *GTE Sylvania*, 445 U.S. at 386.

## CONCLUSION

For these reasons, the Court should dismiss the Times' amended complaint under Rule 12(b)(6) or, alternatively, grant summary judgment in DOJ's favor under Rule 56.

Date:  New York, New York
      June 6, 2025

                            Respectfully submitted,

                            JAY CLAYTON
                            United States Attorney for the
                            Southern District of New York

By:     /s/ *Sarah S. Normand*
                            SARAH S. NORMAND
                            DANA WALSH KUMAR
                            Assistant United States Attorneys
                            86 Chambers Street, 3rd Floor
                            New York, New York 10007
                            Tel.: (212) 637-2709/2741
                            sarah.normand@usdoj.gov
                            dana.walsh.kumar@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3671 words.